DLD-339                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1643
_____

ANTHONY STOCKER MINA,
Appellant

v.

DAWSON R. MUTH; GOLDBERG MEANIX
MUTH & MCCALLIN LAW FIRM;
JUDGE HOWARD RILEY;
COURT REPORTER HANDY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-14-mc-00222)
District Court Judge:  Honorable Edward G. Smith
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2015
Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: September 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Anthony Stocker Mina sought permission to file in forma pauperis a motion under Federal Rule of Civil Procedure 60(b) to overturn a state-court judgment dismissing his civil action in the Court of Common Pleas in Chester County, Pennsylvania. The District Court granted Mina's motion to proceed in forma pauperis, and, pursuant to its screening obligations under 28 U.S.C. 1915A, denied the Rule 60 motion and dismissed the case. The District Court concluded that it could not overturn a state court's judgment under Rule 60(b), and that Mina's requested relief was barred by the Rooker-Feldman doctrine. Mina appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Mina's Rule 60(b) motion seeking to set aside the state court's judgment. As the District Court reasoned, a federal district court cannot overturn a state court judgment under Rule 60(b). Moreover, the Rooker-Feldman doctrine bars Mina's attempt invalidate the Court of Common Pleas' judgment dismissing his case for failure to prosecute. The Rooker-Feldman doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). The Rooker-Feldman doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of

2

injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Mina's claims satisfy these four requirements. Therefore the District Court correctly dismissed his case with prejudice.

Accordingly, we will summarily affirm the judgment of the District Court.